# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ANTHONY YOUNG, JR. (#325559)**                    **CIVIL ACTION**

**VERSUS**

**BURL CAIN, ET AL.**                                        **NO. 11-0221-BAJ-DLD**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 6, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**

ANTHONY YOUNG, JR. (#325559)                                    CIVIL ACTION

VERSUS

BURL CAIN, ET AL.                                               NO. 11-0221-BAJ-DLD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion to Dismiss, rec.doc.no. 11. This motion is opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Ass't Warden Darrel Vannoy, Ass't Warden John Calvert, Major Chad Butler, Capt. Clint Bond, Sgt. Terry E. Watkins, Sgt. Terrance Harriton, Officer Trent Barton, Officer John Tubbs, and several unidentified "John Doe" security officers at LSP, alleging that the defendants violated his constitutional rights, commencing in May, 2009, by retaliating against him in response to a lawsuit which he had filed against prison officials. This retaliation allegedly took the form of false disciplinary charges which resulted in the plaintiff being sentenced to Camp J at LSP, a punitive housing assignment, and culminated, on October 28, 2009, with the defendants' use of excessive force against him and with a renewed issuance of retaliatory disciplinary charges on that date.[1]

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject

---

[1]     An attempt by the United States Marshal's Office to serve defendants John Calvert and Terrance Harriton have proven unsuccessful because service of process has not been accepted on behalf of these defendants by the Louisiana Department of Public Safety and Corrections. Specifically, a representative of the Department has indicated that defendant Calvert is "retired" and that defendant Harriton is "unknown". See rec.doc.no. 7. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceedings. It is appropriate, therefore, that the plaintiff's claims asserted against defendants John Calvert and Terrance Harriton be dismissed, without prejudice, for failure of the plaintiff to timely effect service upon these defendants.

to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level". Bell Atl. Corp. v. Twombly, supra. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, supra. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n] – that the pleader is entitled to relief.'" Id. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. (citations omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful conduct] devoid of further factual enhancement." Id. (internal quotation marks omitted).

In the instant motion, the defendants contend that the claims asserted by the plaintiff are barred by the applicable statute of limitations. This assertion appears to have merit.

Inasmuch as there is no federal statute of limitations for claims brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations

period for such claims. <u>Owens v. Okure</u>, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989).

In Louisiana, the applicable period of limitations is one year. La. Civ. Code Art. 3492. Further,

under federal law, a cause of action under 42 U.S.C. § 1983 accrues when the plaintiff knows of

or has reason to know of the injury which forms the basis for his cause of action. <u>Gartrell v. Gaylor</u>,

981 F.2d 254 (5th Cir. 1993); <u>Lavellee v. Listi</u>, 611 F.2d 1129 (5th Cir. 1980). In the instant case, the

plaintiff's § 1983 cause of action accrued no later than October 28, 2009, when he was allegedly

subjected to excessive force and retaliated against through the filing of false disciplinary charges.

<u>See</u>, <u>e.g.</u>, <u>Singleton v. Crawford</u>, 2009 WL 2762622 (W.D. La., Aug. 31, 2009), <u>citing</u> <u>Helton v.</u>

<u>Clements</u>, 832 F.2d 332 (5th Cir. 1987) (holding that a plaintiff's claim accrues when he "becomes

aware that he has suffered an injury or has sufficient information to know that he has been injured").

Under Louisiana law, a party pleading a limitations defense normally has the burden of establishing

the elements of the defense. <u>See</u> <u>Savoy v. St. Landry Parish Council</u>, 2009 WL 4571851 (W.D. La.,

Dec. 1, 2009). However, when the face of the Complaint reflects that more than a year has passed

since the events complained of, the burden of proof shifts to the plaintiff to show that the limitations

period has been interrupted or tolled. <u>Id.</u>

In the instant case, the plaintiff knew of or should have known of the basis for his claim, at

the latest, on October 28, 2009, when the defendants' last alleged acts of retaliation occurred, <u>i.e.</u>,

when they utilized excessive force and charged him with false disciplinary charges on that date.[2]

Ordinarily, therefore, any claim that the plaintiff may have had against the defendants would have

prescribed by October 28, 2010, the one-year anniversary of the incidents complained of.

Inasmuch as the plaintiff did not file his federal Complaint until, at the earliest, March 31, 2011, it

---

[2] The plaintiff suggests that the limitations period should be seen to have commenced on November 4, 2009, instead of October 28, 2009, because on November 4, he was allegedly brought before a disciplinary board in connection with the alleged retaliatory disciplinary charges. The Court need not address this contention because, utilizing either date, the plaintiff's Complaint is untimely.

appears from the face of his Complaint that his claims are time-barred.[3]  Accordingly, the burden

of proof shifts to the plaintiff to show that the limitations period was interrupted or tolled during this

period.

In seeking to avoid the effect of the one-year limitations period, the plaintiff contends that

he filed an administrative grievance against prison officials relative to his claims and that, in

computing the applicable limitations period, this Court is obligated to take into account the time

during which the plaintiff's administrative grievance was pending within the prison system.  See

Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999) (holding that the pendency of a properly-filed

administrative grievance will act to toll or suspend the running of the one-year limitations period for

a prisoner's claim).  He further asserts that inasmuch as his administrative proceedings did not end

until April 14, 2010, on which date he received the second and final decision of prison officials

denying his grievance, he should be seen to have had one year from that date within which to file

his federal Complaint.  Accordingly, he contends that his Complaint which was filed on March 31,

2011, is timely.

The plaintiff's argument is ultimately unavailing.  After the events of October 28, 2009, the

plaintiff apparently submitted, on December 1, 2009, an administrative grievance to prison officials,

complaining of the defendants' alleged wrongful conduct.   Inasmuch as the filing of an

administrative grievance only tolls or suspends the running of the prescriptive period, see Harris

v. Hegmann, supra, thirty-three (33) days of the one-year period must be counted as having

elapsed before the filing of the administrative grievance.   Thereafter, when the plaintiff's

administrative grievance procedure was concluded, upon his receipt of the final second-step

_____

[3]        Although the plaintiff's Complaint was received and docketed in this Court on April
4, 2011, an inmate's Complaint is arguably deemed filed when he places it in the prison's mailing
system, not on the date that it is received by the Court.  See Houston v. Lack, 487 U.S. 266, 108
S.Ct. 2379, 101 L.Ed.2d 245 (1988); Cooper v. Brookshire, 70 F.3d 377 (5th Cir. 1995).
Accordingly, the Court will utilize March 31, 2011, as the plaintiff's filing date, which is the date that
he signed the supporting memorandum submitted to the Court together with his Complaint, and
which is therefore the earliest date that he may have submitted same to prison officials for mailing
to the Court.

response to his grievance on April 14, 2010, he then waited an additional three hundred and fifty-one (351) days, or until March 31, 2011, to sign and submit his federal Complaint to this Court. Accordingly, it appears that a total of three hundred eighty-four (384) days elapsed, <u>i.e.</u>, more than one year, before he filed his federal Complaint. He has failed, therefore, to meet his burden of establishing that his claims are not time-barred, and his lawsuit is subject to dismissal for this reason.

## <u>RECOMMENDATION</u>

It is recommended that the plaintiff's claim asserted against John Calvert and Terrance Harriton be dismissed for failure of the plaintiff to serve these defendants within 120 days as mandated by Rule 4(m) of the Federal Rules of Civil Procedure. It is further recommended that the Motion to Dismiss of the remaining defendants, rec.doc.no. 11, be granted, dismissing the plaintiff's claims as time-barred, and that this action be dismissed, with prejudice.

Signed in Baton Rouge, Louisiana, on January 6, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**